CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

MAYA KARWANDE (CABN 295554)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Maya,Karwande@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JULIO CESAR PALAFOX,<br><br>    Defendant. | Case No. 4:24-cr-00394-AMO<br><br>**UNITED STATES' MEMORANDUM RE DETENTION ORDERS IN RULE 5 MATTERS**<br><br>Hearing Date:  August 12, 2026<br>Hearing Time: 10:30 am<br>Courtroom:    4, Floor 3<br><br>Hon. Ajay S. Krishnan |

## I.    Introduction

Julio Palafox is charged by Indictment with six counts of methamphetamine drug trafficking charges that each carry a 10-year mandatory term of imprisonment and create a rebuttable presumption of detention under the Bail Reform Act. *See* 18 U.S.C. § 3142(e)(3).  On July 28, 2026, Julio Palafox had his initial appearance in the Central District of California and was ordered detained by the Honorable Anna Y. Park after a contested detention hearing. *See* 26-mj-04424 (ECF 5 and ECF 8). Palafox was brought to the Central District of California after an arrest operation coordinated by the U.S. Marshals Foreign Field Office (FFO) - Guadalajara and the Secretaría de Seguridad Pública (SSP) Jalisco and the Instituto Nacional de Migración (INM).  Palafox was arrested by the SSP in a remote region in Jalisco, Mexico, where he had been living with his family for at least the past two years.  Due

USA BRIEF RE RULE 5 DETENTION PROCEEDINGS1
4:24-cr-00394-AMO

to the cartel activity in the region, Palafox was removed from the compound and transported by Black Hawk helicopter. Palafox was then deported to the United States and arrested by the U.S. Marshals. During the period of the conspiracy, Palafox was responsible for distributing at least 100-200 pounds of methamphetamine monthly in the Bay Area.

On August 10, 2026, the parties appeared before the Court for identification of counsel and arraignment. Defendant's counsel sought to reopen the detention proceedings. The government objected because, under the Bail Reform Act, the defendant can only seek relief from an out-of-district detention order by appealing to the assigned district judge under 18 U.S.C. § 3145(b).

The court ordered briefing on whether a magistrate judge in the charging district may reopen a detention hearing based on defense proffers of new evidence where the defendant was previously ordered detained by a magistrate judge in a different district in which the defendant was arrested.

The government respectfully submits that, under the Bail Reform Act, a magistrate judge in the charging district lacks authority under 18 U.S.C. § 3142(f) to revisit a detention order by a magistrate judge in the arresting district, even if there is new, material information relating to detention. *See* 18 U.S.C. § 3142(f); *United States v. George Aboagye*, No. 24-CR-00081-RFL (AGT), 2024 WL 1918936 (N.D. Cal. April 30, 2024). For this reason, the defendant's request for further detention proceedings before this Court should be denied.

**II.      Analysis**

   **a.  A magistrate judge in the charging district does not have authority to reopen detention proceedings that took place before a judicial officer in another district.**

Under 18 U.S.C. § 3142(f), a detention hearing "may be reopened . . . if *the judicial officer* finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community" (emphasis added). The Tenth Circuit and other district courts across the country have interpreted the term "the judicial officer" to refer solely to "the" judicial officer who presided over the original detention hearing. *See United States v. Cisneros*, 328 F.3d 610, 615–16 (10th Cir. 2003) ("By its terms, this section [18

U.S.C. § 3142(f)] applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order. ); *Aboagye*, 2024 WL 1918936 at 5 (adopting *Cisneros* reasoning); *United States v. Hanson*, No. 22-CR-00076, 2022 WL 1813585, at *4 (N.D. Ohio May 3, 2022) ("I am not the judicial officer who originally issued the order of detention against Mr. Hanson. Accordingly, as a matter of law, the present motion does not constitute a request to *reopen* the detention hearing."), *adopted*, 2022 WL 1803337 (N.D. Ohio June 2, 2022); *United States v. Patterson*, No. 13-CR-137, 2013 WL 5375438, at *2 (E.D. La. Sept. 24, 2013) ("[A] hearing may only be 'reopened' by the same judicial officer who initially held it . . . ."); *United States v. Luisa*, 266 F. Supp. 2d 440, 447 n. 3 (W.D.N.C. 2003) ("[Section 3142(f)] applies when an order of detention is 'reopened' before the same judicial officer who made the initial determination.").

As the Tenth Circuit found in *Cisneros*, the plain language of the statue is limited to "the" particular judicial officer who presided over the initial proceeding.  328 F.3d at 615-16. There is good sense behind this requirement as it would be inefficient to hold multiple detention hearings before various judicial officers.  Accordingly, under a plain reading of the Bail Reform Act and as interpreted by numerous courts, a magistrate judge in the charging district does not have the authority to reopen detention proceedings that occurred before a magistrate judge in another district.

**b. The magistrate judge in the charging district does not have authority to review detention proceedings that took place before a judicial officer in another district.**

At the hearing on August 10, 2026, defense counsel framed his request as one to reopen detention proceedings based on new material information. However, defense counsel did not proffer any new facts that were unavailable to present to Judge Park at the detention hearing held on July 28, 2026. Defense counsel proposed the same sureties and the same release plan that had been offered by Palafox (who was represented by counsel) during the contested hearing before Judge Park. To the extent Palafox is seeking a re-do of the detention hearing, the magistrate judge in the charging district does not have the authority to review the detention order of another magistrate judge. *See* 18 U.S.C. § 3145(b).

Under § 3145(b), "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the

order." In *Evans*, the Ninth Circuit interpreted the language "the court having original jurisdiction over the offense" as the "the district in which the prosecution is pending." *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir. 1995). In the district where the prosecution is pending, district courts preside over a challenge to a magistrate judge's order of detention. The Tenth Circuit and numerous other district courts have held that magistrate judge's have "no authority" to do so. *See Cisneros*, 328 F.3d at 615 ("The text of § 3145(a) [1] supports the conclusion that a motion to revoke a magistrate judge's release order should be ruled on directly by a district judge."); *Aboagye*, 2024 WL 1918936 at*5-6; *United States v. Manley*, 659 F. Supp. 3d 15, 21 (D.D.C. 2023) ("the Bail Reform Act does not allow for a magistrate judge in the charging jurisdiction to take an appeal from a magistrate judge's detention decision in the arresting jurisdiction"); *United States v. Shaw*, No. 5:17-CR-26-KKC-REW, 2017 WL 5711438, at *1 (E.D. Ky. Nov. 7, 2017) (holding that "the undersigned [magistrate judge in the charging district], per § 3145 and this harmonious case law, has 'no authority to rule on' the Government's motion to revoke [the arresting district's magistrate judge's] release order"), *report and recommendation adopted*, No. 5:17-CR-26-KKC-REW, 2017 WL 5710443 (E.D. Ky. Nov. 27, 2017); *United States v. Hassanshahi*, 989 F. Supp. 2d 110, 113 (D.D.C. 2013) (holding that "[a]uthority to review the release order lies with the district judge" in the charging district); *United States v. Johnson*, 858 F. Supp. 119, 122 (N.D. Ind. 1994) ("Section 3145(a) authorizes a district judge to review a decision made by a magistrate judge, but it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district.")

The Bail Reform Act does not contemplate that defendants who is arrested in another district would get three opportunities to challenge detention, i.e., by first being able to challenge detention before a magistrate judge in the arresting district, then before a magistrate judge in the charging district, then before the district court judge in the charging district. The Bail Reform Act "contemplates that a defendant will get a maximum of two (2) detention hearings, or 'two bites at the apple.'" *United States v. Cannon*, 711 F. Supp. 2d 602, 607 (E.D. Va. 2010). If "Congress intended to provide a third bite at

---

[1] Cisneros addressed review of a release order, which is governed by 18 U.S.C. 3145(a). The language in § 3145(a) and § 3145(b) regarding authority for review lying with "the court having original jurisdiction over the offense" is identical. For this reason, *Cisneros* is applicable in this context too.

the apple based solely on whether the defendant was arrested outside of the charging district" the Bail Reform Act would make that clear. *United States v. Patterson*, No. CR 13-137, 2013 WL 5375438, at *3 (E.D. La. Sept. 24, 2013).  If Palafox seeks review of Judge Park's detention order, he must file a motion with the assigned district court judge.

**c.  The defendant may seek relief from the detention order from the assigned district court judge.[2]**

If a defendant charged in one district is ordered detained by a magistrate judge in a different district where the defendant was arrested, the defendant can only seek relief from the detention order in the charging district by appealing to the district judge assigned to the case under 18 U.S.C. § 3145(b). The district court's review of the magistrate judge is de novo and is not conducted with deference to the magistrate's factual findings.  *United States v. Koenig*, 912 F.2d 1190, 1191-93 (9th Cir. 1990).  The district judge is not limited by the record at the original detention hearing and the district court may consider any new or material information presented on appeal.  *Id.*  Given the review standard, Palafox is not prejudiced and will have an opportunity to raise any issues in this district without returning to the Central District. Alternatively, Palafox could seek to reopen proceedings before Judge Park based on new and material information that was not available at the time of the original hearing.

**III.    Conclusion**

For the foregoing reasons, the defendant's request for a further detention hearing should be denied.

DATED: August 10, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


*/s/ Maya Karwande*
MAYA KARWANDE
Assistant United States Attorney

---

[2] The case is currently assigned to the Honorable Araceli Martinez-Olguin.  On July 28, 2026, the government filed a notice of related cases in 24-cr-00392-HSG, which is pending before the Honorable Haywood S. Gilliam, Jr. *See* ECF 121.

USA BRIEF RE RULE 5 DETENTION PROCEEDINGS 5
4:24-cr-00394-AMO